UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| LYNNE P. COLIZZO,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>HIGHGATE HOTELS, L.P.<br>DBA GRADUATE PROVIDENCE,<br>　　　　　Defendant. | No. 1:21-cv-00257-MSM-LDA |

O R D E R

Mary S. McElroy, United States District Judge.

　　Highgate Hotels, L.P. ("Highgate") has moved to dismiss Counts II and III of the Complaint filed against it by the plaintiff, Lynne P. Colizzo. Ms. Colizzo, a former hotel employee, sued her former employer for race and age discrimination as well as for both intentional and negligent infliction of emotional distress. Highgate has moved to dismiss the state law emotional distress tort claims. For the reasons explained below, the Court GRANTS that motion (ECF No. 6).

　　As the Court's ruling has to do with the sufficiency of the Complaint, and not with the alleged underlying facts, a description of the saga of Ms. Colizzo's employment by Highgate is not necessary. It suffices to say that she worked for Highgate for 32 years (ECF No. 1, ¶ 50), doing a succession of jobs from "hotel operator" when she was first hired in 1988 to accounts receivable and payroll when

1

she was terminated in June 2020. (ECF No. 1, ¶¶ 7-10, 43.)  Pertinent to her discrimination claims but not to the tort claims are the facts that Ms. Colizzo is a white woman, aged 52 at the time she was terminated. (ECF No. 1, ¶¶ 51, 52.)

The Court has reviewed the Complaint against the standard of a plausible claim for relief under Fed. R. Civ. P. 12(b)(6), accepting as true all well-pleaded allegations and drawing all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The emotional distress claims are matters of state tort law. In addition to their other elements,[1] both require that the plaintiff allege and prove "medically established physical symptomatology." *Swerdlick v. Koch,* 721 A.2d 849, 862-63 (R.I. 1998). *Accord, Vallinoto v. DiSandro,* 688 A.2d 830, 838-39 (R.I. 1997); *DeLucca v. Nat'l Educ. Ass'n of Rhode Island,* 102 F. Supp.3d 408, 418 (D.R.I. 2015); *Lisnoff v. Stein*, 925 F. Supp.2d 233, 241-42 (D.R.I. 2013).  Ms. Colizzo has not alleged any physical symptomatology at all.  Rhode Island law is crystal-clear that without proof of physical symptoms, no claim for either intentional or negligent infliction of emotional distress can succeed and for this reason alone Ms. Colizzo's Complaint is deficient.

---

[1] The four core elements of intentional infliction of emotional distress are: (a) intentional or reckless disregard of the probability of causing emotional distress, (b) extreme and outrageous conduct, (c) a causal connection between the wrongful conduct and the distress, and (d) severity of the distress. *Doe v. Brown University,* 327 F. Supp.3d 397, 414 (D.R.I. 2018).  An action for negligent infliction of emotional distress may be brought by someone who has suffered an injury by either being in the zone of physical danger or by being a bystander "to a tragic incident involving someone with whom he or she is closely related," and suffering "serious emotional harm." *Swerdlich v. Koch*, 721 A.2d 849, 864 (R.I. 1998).

The defendant's Motion to Dismiss (ECF No. 6) is GRANTED and Counts II and III are dismissed without prejudice. The plaintiff may file an Amended Complaint should she choose to do so within thirty (30) days of this Order.[2]

IT IS SO ORDERED:

*/s/ Mary S. McElroy*
_____
Mary S. McElroy,
United States District Judge

January 26, 2022

---

[2] Ms. Colizzo has requested leave to amend should the Court grant the defendant's motion. While the Court will permit an Amended Complaint to be filed within thirty (30) days of this Order, it cautions that the plaintiff's Complaint appears to be significantly deficient in at least two other respects pointed out by the defendant. First, the Rhode Island Supreme Court has declared many times that the Workers' Compensation Act ("WCA") provides the exclusive remedy for torts committed by an employer against an employee in the workplace. Relief from this rule is available *only* if the employee served notice upon the employer at the time of hiring that common law rights were being reserved. *Lopes v. G.T.E. Prods. Corp.,* 560 A.2d 949, 950 (R.I. 1989), citing R.I.G.L. 28-29-17. This is true even for intentional torts. *Id.* at 951. "Unless otherwise proven, an employee is presumed to be under the aegis of the WCA." *Iacampo v. Hasbro, Inc.,* 929 F. Supp. 562, 582 (D.R.I. 1996). Although Ms. Colizzo protests in her opposition to dismissal that the acts constituting infliction of distress continued after her employment had ended, all the assertions about the defendant's conduct concern actions prior to June 2012 when she was terminated according to the Complaint. Moreover, they all occurred in the workplace itself. Thus, they arose out of employment. *Id.* at 582. See *Pelumi v. Gateway Healthcare,* No. CA 11-169ML, 2012 WL 253361, at *2-3 (D.R.I. Jan. 3, 2012) (claim of injury arising from termination is barred as arising from the employment relationship).

Second, the conduct constituting intentional or negligent infliction of emotional distress must be "so extreme and outrageous as to be atrocious and utterly intolerable in a civilized community." *Swerdlick,* 721 A.2d at 863. It must be so outrageous as to be beyond the normal bounds of decency. *Doe v. Brown Univ.,* 327 F. Supp. at 414. While Ms. Colizzo describes in her complaint numerous instances when her job responsibilities were changed, her workdays were cut down, and she was threatened with loss of her job due to outsourcing, the Court is skeptical that a jury could find the alleged employer conduct "atrocious and utterly intolerable in a civilized community."